RAMÓN VALCOURT QUESTELL, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent.

No. C-63-67.      Decided January 27, 1964.

*Elí B. Arroyo* for petitioner. *McConnell, Valdés & Kelley,* and *Ramón Morán* for opposers.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Gulf Petroleum, *S.A.*, sued Ramón Valcourt Questell for performance of contract or, in the alternative, for recovery of damages. In its complaint it alleged substantially that on or about May 17, 1960, the parties entered into a contract of Option of Purchase whereby defendant bound himself to sell and plaintiff to buy a lot of 2,169.52 square meters to be segregated from certain property which is described, for the agreed price of $30 per square meter; that as a pre-requisite of the purchase of the lot, defendant would be bound to obtain from the Planning Board as well as from

any other government agency the corresponding approval of the lot subdivision in order that the segregated lot could be used by plaintiff for the construction and operation of a service station, it having been agreed that if the necessary permits of the Planning Board and of other government agencies could not be obtained within the option period of 30 days, without there being negligence on the part of plaintiff, such option would be extended for a reasonable time in order to terminate those steps; that in September 1960, defendant submitted to the Planning Board his declaration of intention to subdivide into lots for the purpose of segregating the lot object of the contract of option, and that on September 7, 1961 the Board issued an order approving the segregation. It is further alleged that at defendant's request, on May 20, 1960 the Bureau of Permits of the Planning Board approved in principle the construction of the service station on the lot in question and that in the meantime plaintiff was preparing the plans for the survey and construction and incurring several expenses. In the tenth and following paragraphs it was alleged verbatim the following:

"10. On June 17, and in view of the fact that both the segregation and the rezoning of the parcel of land owned by defendant referred to hereinabove were not approved by the Planning Board of Puerto Rico, plaintiff notified defendant of the extension of the option for all such time as was reasonable until the segregation and rezoning permits could be obtained. Plaintiff further informed defendant that it was in a position to buy the property mentioned hereinabove after defendant established to satisfaction that the Planning Board had approved the rezoning and the segregation, and that all the obligations of defendant vendor under the contract of option to buy had been met.

"11. On November 15, 1961, plaintiff informed defendant that it proposed to buy the lot in question as soon as the permit had been obtained from all government agencies, as provided in the contract of option to buy.

"12. The signing of the deed of sale of the said lot was set for December 4, 1961, plaintiff having appeared at that act, but not the defendant, nor did he justify his failure to appear.

"13. Plaintiff is, and has been since November 1960, willing and in a position to acquire the corresponding ownership title to the said lot by execution of the corresponding deed, upon payment by plaintiff to defendant of the sum of $55,711.

"14. Defendant has refused, and refuses, notwithstanding plaintiff's demands, to comply specifically with his contract of purchase and sale, refusing specifically to transfer to plaintiff the title to the property, as alleged hereinabove."

Defendant answered accepting some of the facts and denying the most essential ones. He alleged further, as special defenses, among others, that the contract of option is void; in the alternative, it was resolved by expiration or by nonperformance by plaintiff of the conditions thereof, or because the corresponding permits had not been obtained from the government authorities; that the contract of option was not perfected because the conditions precedent had not materialized.

Subsequently defendant filed a motion for summary judgment in his favor on the following grounds:

"1. In its complaint plaintiff requests the specific performance of a contract entered into on June 16, 1960 of option to buy a parcel of approximately 2,170 square meters to be segregated from another of a larger area belonging to defendant and to the heirs of Carmen Muñoz Díaz de Valcourt, late wife of defendant, who had died on February 16, 1959, or prior to the execution of the aforesaid contract of option.

"2. Defendant alleges that he is entitled to summary judgment in his favor for the following reasons:

"A. Because the contract in question is merely an option to buy whereby plaintiff bound itself to purchase, but defendant did not bind himself to sell.

"B. Because on the date of the contract—June 16, 1960— the said parcel was not the exclusive property of defendant, but belonged in co-ownership to defendant as community share and inheritance and to the latter's children, named

Francisco Nicolás, Carmen Luisa, Gilberto, Fausto, Aida, Rafael and Luis Ramón, all of whom are surnamed Valcourt-Muñoz, as hereditary share of their deceased mother, and since the said heirs were not parties to the contract it is obvious that the same is void.

"C. Because, even assuming that the contract were valid and, what is more, that it bound defendant to carry out the sale of that parcel, the same was resolved by its own terms since the Planning Board did not approve the segregation of the parcel object of the option.

"3. Defendant attaches to this motion, forming a part thereof, a literal copy of the said contract of option, certificate of the Registrar of Property, and report of the Planning Board establishing the facts hereinabove alleged."

Defendant attached to his motion a literal copy of the contract of option, a certificate of the Registry of Property on the history of the property, and a copy of the order of the Planning Board of September 21, 1960 denying the lot subdivision.

The motion was argued at a hearing and dismissed thereafter by the trial court. To review that order we issued a writ of certiorari.

Petitioner assigns the commission of the following error:

"The Superior Court of Puerto Rico, San Juan Part, J. M. Calderón, Jr., Judge, erred in denying the motion for summary judgment notwithstanding plaintiff Gulf Petroleum Co., *S.A.* filed no opposition to the motion but merely did nothing, and notwithstanding further that there was no material fact in controversy, and that plaintiff was entitled to the summary judgment requested."

This assignment is predicated on the fact that summary judgment should have been rendered, as a question of law, since plaintiff by its failure to act accepted the averments which, upon examination in the light of the documentary evidence offered, show that:

"1. by that contract defendant did not bind himself to sell. See *Commonwealth* v. *De la Torre,* decided March 21, 1963.

"2. in any event, defendant could not bind himself to sell because he was a mere co-owner of the property.

"3. because, in the alternative, the contract was resolved after the segregation permit was denied."

■ Summary judgment shall be rendered if the pleadings, depositions, and admissions made, together with the affidavits, if any, or other pertinent documents, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 36.3 of the Rules of Civil Procedure. Summary judgment does not lie where there exists a bona fide dispute of facts between the parties. *Ramos* v. *People*, 67 P.R.R. 600 (1947). The party seeking summary judgment must show that there is no genuine issue to be tried, and the trier is under the duty to determine whether there exists a controversy as to any material fact. If it exists, it must be elucidated at the proper trial. *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388 (1949). Any doubt as to the existence of a genuine issue must be resolved against the party seeking summary judgment. *Roth* v. *Lugo*, 87 P.R.R. 365 (1963).

■ However, since the party seeking summary judgment has complied with the duty to show that there is no issue as to the facts and that summary judgment should be rendered as a matter of law, the other party against whom the judgment is sought cannot defeat the motion by remaining idle and relying, as was done in this case, on the facts stated in the allegations of the complaint. "He must show that evidence is available which would justify his allegations." *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660, 665 (1961).

■ We have seen that as one of the grounds of the motion for summary judgment it was alleged that the contract of option was resolved when the segregation permit was denied. The documentary evidence presented in support of the motion established, among others, the following facts:

1. The contract of option was signed on June 16, 1960, and by virtue thereof plaintiff was granted an option to buy the parcel involved in the litigation within 15 days after signing the contract. It was further agreed that the parties would take the steps necessary to carry out the segregation of the lot, pursuant to the requirements of the Planning Board, and that if the latter, in addition to those for investigating the title, clarifying or correcting slight defects therein and obtaining other permits from government agencies, were not met within the option term without there being negligence on the part of Gulpet, the option would be extended for a reasonable period of time to terminate such steps.

2. That Valcourt Questell presented to the Planning Board, by Declaration of Intention to Subdivide into Lots, numbered 61-381 Lot, the subdivision of certain property belonging to him situated in the ward of Santurce of San Juan, having an area of 3162.43 square meters, in order to segregate therefrom a lot of 2170 square meters for industrial purposes, which is the lot object of the option.

3. That on September 21, 1960, the Planning Board denied the said subdivision, among other reasons, because "3. The proposed industrial use does not conform to what is permissible in the zone where this property is situated, since such zone is marked 'M' (to be improved) in the zoning map of San Juan."

4. That on December 6, 1961, that is, when more than one year and four months had elapsed since the date of the contract of option, Valcourt Questell sold the entire property to third persons.

As against these facts, plaintiff did nothing. It relied on its averments, among them, that on December 7, 1961 the Planning Board had approved the segregation of the lot in question (which fact was denied in the answer), and that prior thereto it had served notice on defendant of the exten-

sion of the option for such time as may be reasonable to obtain the segregation and rezoning permits.

■ Perhaps plaintiff could, by affidavits or other documents, establish the fact that although the Planning Board had denied the segregation of the lot in September 1960, the parties extended the option term until the approval of the segregation which allegedly occurred almost one year later, namely, September 7, 1961. But, we repeat, it did nothing. Consequently, from the facts proved by defendant it appeared clearly that the denial of the segregation of the lot by the Planning Board precluded compliance with one of the conditions of the contract of option, namely, the approval of the segregation of the lot by the Planning Board for the vendee to devote it to industrial purposes. Plaintiff's rights under the contract of option depended on the fulfillment of that condition. See *Mercedes Bus Line* v. *Rojas*, 70 P.R.R. 513, 515 (1949); *Miranda* v. *Echegaray*, 62 P.R.R. 777 (1944).

For the reasons stated, the order appealed from will be set aside and the case remanded to the trial court for rendition of summary judgment for defendant.